USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/8/20__

# AKABAS & SPROULE
ATTORNEYS AT LAW
488 MADISON AVENUE
11TH FLOOR
NEW YORK, NY 10022
(212) 308-8505

FACSIMLE (212) 308-8582

WWW.AKABAS-SPROULE.COM

SETH A. AKABAS
MICHAEL H. SPROULE †
DAVID E. BAMBERGER
_____
SENIOR COUNSEL
THOMAS A. CANOVA
MARTIN TODTMAN
_____
JESSE E. GREENE

† ADMITTED NY & MA

COUNSEL
RUTH J. WITZTUM
HENRY RAKOWSKI
RICHARD A. MEDINA**
MARTIN L. LERNER***
_____
LOUIS J. LAMATINA*
S105 FARVIEW AVENUE
PARAMUS, NJ 07652
(201) 291-1122

** ADMITTED NY & NJ
*** ADMITTED NY & CA

December 7, 2020

BY ECF

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, New York

**MEMORANDUM ENDORSED**

Re:   *Rosemary Mazzola v. Transportation and Logistics Systems, Inc. and Prime EFS, LLC,* Case No. 20-cv-7582-GHW-JLC

Request to Change Setting of December 10, 2020 Conference

Dear Judge Woods:

Earlier today, the Court ordered a conference on Defendants' letter request for leave to file a motion to dismiss the amended complaint to be held December 10, 2020 3:00 p.m.

I will be engaged in taking an all-day deposition in a multi-party state-court case that day. A court reporter and translator have already been engaged. The deposition is court-ordered and there is really no other available day to conduct that deposition before the court-ordered discovery cut-off.

May we move the conference ordered in this case to any convenient time on December 8 9, or 11, 2020?

Thank you.

Respectfully submitted,

*/s/ David E. Bamberger*
David E. Bamberger

Cc: Daniel Scott Furst, Esq.
    Thomas Patrick McEvoy, Esq.
    (by ECF)

Application denied without prejudice.  Defendants failed to comply with Rule 1(E) of the Court's Individual Rules of Practice in Civil Cases, which provides that requests for adjournments state whether "the adversary consents and, if not, the reason given by the adversary for refusing consent."  Defendants are directed to review and comply with the Court's Individual Rules.  Defendants' counsel should do so because he was ordered to do so.  He should also do so because it is efficient; rather than asking the Court to guess at alternative dates and times that work for all parties, resulting in the exchange of multiple letters and orders, as here, compliance with the rule lets the parties propose multiple viable alternative dates and results in a more efficient use of the Court's and the parties' time.

SO ORDERED.

Dated: December 7, 2020

GREGORY H. WOODS
United States District Judge